**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| DARNELL EUGENE DUCKETT, | * |
| Petitioner, | * |
| | * |
| v. | * |
| | *  Civil No. AW-13-0243 |
| UNITED STATES OF AMERICA | *  Crim. No. AW-11-0147 |
| Respondent | * |

**********************************************************************

**MEMORANDUM OPINION**

**I.     BACKGROUND**

Before the Court is Petitioner/Defendant Darnell Eugene Duckett ("Petitioner")'s Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255. On March 21, 2011, Petitioner was charged with a one-count Superseding Criminal Indictment with Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1). At a rearraignment hearing held on October 18, 2011, following an extensive Rule 11 colloquy, Petitioner pled guilty and admitted to knowingly and willfully conspiring with others to distribute and to possess with intent to distribute at least ten grams of phencyclidine ("PCP") or at least 100 grams of a mixture and substance containing a detectable amount of PCP. The plea agreement stated that while Petitioner's base offense level was 26, if Petitioner was determined to be a Career Offender as defined by the United States Sentencing Guidelines § 4B.1.1,[1] the base offense level would be increased to a total of 34 and Petitioner's

---

[1] 18 U.S.C.S. app. § 4B.1.1(a) (2011) states as follows:

   A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the
   defendant committed the instant offense of conviction; (2) the instant offense of conviction is a

1

criminal history category would fall under Category VI. In exchange for Petitioner's guilty plea, the Government agreed to advocate for a three-level decrease in recognition of Petitioner's acceptance of personal responsibility. This would result in a base offense level of 23 or 31, depending on whether or not the Court categorized Petitioner as a Career Offender. The Government additionally agreed not to file a notice of Petitioner's prior felony drug convictions pursuant to 21 U.S.C. § 851, which would have otherwise resulted in an enhancement of the mandatory minimum sentence of five years.

A Presentence Report was filed on January 9, 2012,[2] following which Petitioner's counsel, Robert H. Waldman, submitted to the Court a Memorandum in Aid of Sentencing on January 13, 2012. In the Memorandum, Mr. Waldman urged the Court to not apply the Career Offender enhancement, as he claimed it would result in an unfair sentence of 188-235 months. In the alternative, Mr. Waldman recommended that the Court adhere to a base offense level of 23, arguing that 120-150 months was a more fair and reasonable sentence.

On January 26, 2012, the Court held a sentencing hearing. At the hearing, Mr. Waldman reiterated his support for a sentence in the range of 120-150 months, arguing that it was more appropriate when considering the Petitioner's age. The Government urged the Court to apply the Career Offender enhancement and recommended to the Court a sentence at the low end of the guideline range of 188-235 months. The Court determined that the Career Offender enhancement was appropriate in light of Petitioner's fourteen prior convictions and thirty prior charges, stating that it must "consider the intent of Congress and the Sentencing Commission to

---

felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

[2] The January 9, 2012 Presentence Report was amended on January 24, 2012 to incorporate changes recommended by Petitioner's counsel which identified typographical errors as well as an incorrect pending charge in Paragraph 78 which did not belong to Petitioner.

apply a bump when people present with a bad record." However, the Court reduced the 188-month minimum to 168 months in order to account for any disparities between other defendants' sentences and Petitioner's. On January 24, 2013, Petitioner filed a timely motion to vacate under 28 U.S.C. § 2255.

## II. ANALYSIS

In support of his Motion, Petitioner argues that his counsel was ineffective in his assistance due to "his failure to investigate [Petitioner's] prior conviction in [sic] which does not apply and is not a prerequisite to be calculated in career offender status. Counsel's failure to investigate Petitioner's PSI category was ineffective." Doc. No. 223 at 6.

The Court reviews claims of ineffective assistance of counsel under the well-established standard of *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on a claim of ineffective assistance of counsel, a convicted defendant must: (1) "show that counsel's performance was deficient [,]" and (2) show that the deficient performance prejudiced the defense." *Id.* at 687.

When considering the first prong, whether or not counsel's performance was deficient, courts must consider whether counsel's representation "falls below an objective standard of reasonableness." *Higgs v. United States*, 711 F. Supp. 2d 479, 502 (D. Md. 2010) (citing *Strickland*, 469 U.S. at 688). Courts afford substantial deference to counsel's decisions when reviewing them under *Strickland*. *Id.* In *Strickland*, the Court explained that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689; *see also*, *Premo v. Moore*, 131 S. Ct. 733, 742 (2011) (reversing the 9th Circuit's grant of habeas relief because its analysis

3

failed to afford substantial deference to counsel's decision-making when considering whether counsel's performance could be construed as "deficient" under *Strickland*).

If a petitioner is able to prove that counsel's performance was ineffective, the second prong under *Strickland* demands that petitioner prove "that counsel's errors were so serious as to deprive the defendant of a fair trial . . . whose result is reliable." *Higgs*, 711 F. Supp. 2d at 502; *see also United States v. Russell*, 221 F.3d 615, 621 (4th Cir. 2000) (holding that counsel's failure to thoroughly investigate petitioner's past criminal convictions prejudiced the outcome of petitioner's trial); *United States v. Roane*, 378 F.3d 382, 405 (4th Cir. 2004) (holding that counsel's performance did not prejudice the outcome of court's decision due to the "overwhelming evidence" presented by the Government regarding criminal activity of the petitioners). In cases where the petitioner enters a guilty plea, he or she faces a higher burden in that the petitioner must prove that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (affirming 8th Circuit's denial of petitioner's § 2255 motion because petitioner failed to prove the prejudice element under the second prong of *Strickland*).

In this case, Petitioner asserts that he was improperly subjected to the Career Offender enhancement due to Mr. Waldman's failure to investigate his prior convictions and submit timely objections to Petitioner's Career Offender enhancement. Doc. No. 227 at 2-3. To support his claim of counsel's ineffectiveness, Petitioner alleges that counsel failed to investigate the charges listed in the Presentence Report, specifically a charge related to criminal case number F-1671-04 in which Petitioner was convicted of attempted possession with intent to distribute Oxycontin. Doc. No. 236, Ex. 1 at 9. Had Mr. Waldman investigated the charge under F-1671-04, Petitioner argues that counsel would have discovered that the attempted possession charge did not qualify

4

Petitioner for the Career Offender enhancement to which he was ultimately subjected. Doc. No. 227 at 3.

Petitioner fails to demonstrate that Mr. Waldman's actions were deficient as required under the first prong of *Strickland*. Petitioner has misunderstood the elements required to meet the Career Offender enhancement. Under 18 U.S.S.G. § 4B1.1(a), one qualifies for the Career Offender enhancement if he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See supra*, note 2. Section 4B1.2(b) defines a "controlled substance offense" as one which "prohibits the manufacture, import, export, *distribution*, or dispensing of a controlled substance." (emphasis added).[3] Note 1 under the Commentary of 4B1.2(b) indicates that a "controlled substance offense" also includes the offense of attempting to commit one of the above offenses.[4] Under this definition, Petitioner's conviction of attempted possession with intent to distribute Oxycontin is a qualifying felony for the purposes of the Career Offender enhancement.

Furthermore, the record reflects that while Mr. Waldman correctly refrained from objecting to the computation of the sentence under the Sentencing Guidelines, he did raise objections to the application of the Career Offender enhancement in Petitioner's case. In his Memorandum in Aid of Sentencing, Mr. Waldman argued that "the enhancement for Career Offender should not be applied in that a sentence far beyond what is necessary, sufficient and

---

[3] The applicable statute, 18 U.S.S.G. § 4B1.2(b), defines "controlled substance offense" as follows:

> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

[4] § 4B1.2(b) Commentary, Note 1 states as follows: "'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and *attempting to commit* such offenses." (emphasis added).

fair would be imposed." Doc. No. 178 at 2. Furthermore, during his remarks at Petitioner's sentencing hearing, counsel stated,

> [T]he career offender formula works in a very harsh and inflexible way and that it doesn't really—it doesn't—in my experience it doesn't ordinarily fit the situations. In this case what it does is it boosts the offense level to an extraordinarily high degree, to a degree that ordinarily reflects people who have dealt in very large quantities of drugs or done very violent things, and that is not what Mr. Duckett did.

Doc. No. 236, Ex. 4 at 4. These statements support a conclusion that Mr. Waldman effectively discharged his duty as counsel to Petitioner. Petitioner was correctly subjected to the Career Offender enhancement; nonetheless, Mr. Waldman objected to the application of the Career Offender enhancement and advocated for a lower sentence for Petitioner. In light of these facts, and because Petitioner offered no other evidence to indicate that Mr. Waldman's assistance was ineffective, the Petitioner has failed to meet the "deficient" standard under the first prong of *Strickland*.

Under the second prong of *Strickland*, a petitioner must show that counsel's deficient performance prejudiced his defense. 466 U.S. at 693. In order to demonstrate prejudice, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Assuming arguendo that Petitioner met the first prong under *Strickland*, he has not shown that but for the alleged mistakes by counsel, the result of his trial would have been different. The record indicates that Petitioner was correctly classified as a Career Offender, *see supra*, at 5-6, and as a result, the sentence range was correctly set at 188-235. During sentencing, the Court chose to apply the enhanced sentence range under the sentencing guidelines, stating it must not only "protect society" but also "send a message to people who are similarly situated" in such criminal

6

behavior. Doc. No. 236, Ex. 4 at 14. Even if counsel failed to thoroughly investigate Petitioner's criminal record, because the Career Offender enhancement was correctly applied, any such omission by counsel would not have affected on the Court's judgment. Consequently, Petitioner failed to meet the second prong under *Strickland*.

Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is DENIED.

### A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of a Motion under § 2255. *See* 28 U.S.C. § 2353(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Petitioner has raised no arguments which cause this Court to view the issues as debatable, or to find that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review. Accordingly, the Court denies a Certificate of Appealability.

A separate Order will be issued.

|  |  |
|---|---|
|    October 11, 2013 |    /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |